By the Court.—Dugro, J.
(after stating the facts as above)—A reading of the contract, and extension of time to test, clearly shows the intention of the parties to have been that on or prior to December 1st, the machines should be paid for or returned. During the month of December, they were in use by the defendant. *443 Whether he was testing them or using them for other purposes is immaterial. He was exercising the rights of an owner over them. He had no right to use the machines for any purpose after December 1st, unless he accepted them. The contract shows the intention of the parties to have been that within the period of time fixed for the test, if defendant did not desire the machines, he was to properly box them as the plaintiff’s property, and deliver them subject to its order, at the railroad station nearest the mines. This was not done, but the machines were retained by the defendant and used for purposes of his own until the February following, and at that time, it seems the plaintiff first learned that defendant did not desire them.
By his acts the defendant made his election. He had retained and used the machines beyond the time specified; he had failed for two months to signify to the plaintiff his determination to accept or reject them in the manner provided by the contract, or in any other way. He must therefore be assumed to have accepted them, as though they had answered satisfactorily every test imposed.
In sales on trial the mere failure to return the goods within the time specified for trial makes the sale absolute. Benjamin on Sales, Bennett’s Ed., § 595.
In the case of the Prairie Farmer Co., 69 Illinois Rep. 440, the suit was for a press delivered under an agreement that the buyer should have thirty days to determine whether to. keep the press or not. Scott, J., in delivering the opinion of the court, says: u On failure of the appellant within thirty days to elect whether it would keep the press or not, the right vested at once to recover the contract price.....It made no election and gave no notice of its intention; the presumption will be deemed conclusive it intended to keep the press unless it gave notice to the contrary.”
In many respects the present case is similar to that of Spickler v. Marsh, 36 Maryl'd Rep. 222. In that case de *444 fendant agreed with plaintiff to take his mower and reaper at a stated price, and try it in mowing grass, wheat, etc. If after such trial the defendant did not like the machine, he was to return it. He tried it at the harvest of 1864, but not being satisfied, agreed in the fall of that year to give it a further trial, and if not then satisfied to return it to a certain railroad station. The court said: “ The sale was one at the defendant’s option. By his agreement he was bound to return the reaper within a reasonable time after the harvest of 1865, or keep it at the stipulated price.”
The case under consideration is not one of warranty, and therefore it is immaterial whether the machines proved to be good and effective and able to do the work as mentioned in the contract.
It was the business of the defendant to determine this and keep or return them at the proper time.
Entertaining the opinions stated, I cannot- see that error occurred at the trial; the judgment is therefore affirmed, with costs and disbursements of appeal.
Sedgwick, Gh. J., concurred.